IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00221-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     STEPHEN UHL,

       Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Alecia L. Riewerts, Assistant United States Attorney for the District of Colorado, and the defendant, STEPHEN UHL, personally and by counsel, Daniel P. Gerash, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I.   AGREEMENT

### A. Defendant's Plea of Guilty

The defendant agrees to

(1)    plead guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography;

(2)    waive certain appellate and collateral attack rights, as explained in detail below;

(3)    be liable for restitution in an amount to be determined at sentencing; and

(4)    agree to abandonment of property and not to contest forfeiture as more fully described below.

1

**Court Exhibit**

**1**

**B. Government's Obligations**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to recommend a sentence within the advisory sentencing guideline range, as calculated in this agreement.  Should Probation or the Court determine that the guideline range is lower, the government reserves its ability to seek an upward variance to the extent necessary to achieve a sentence consistent with the sentencing range calculated in this agreement.  The government further agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado.  The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

**C. Defendant's Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

2

(1)   the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 2252A(a)(5)(B) and (b)(2);

(2)   the sentence exceeds the top end of the advisory guideline range from the sentencing guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 30; or

(3)   the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)   the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)   the defendant was deprived of the effective assistance of counsel; or

(3)   the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

3

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Restitution

Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(c)(2) and (4) as may be proved by the government or stipulated to by the parties. Defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offense to which defendant is pleading guilty. For purposes of this paragraph, the term "victim" is defined in 18 U.S.C. § 2259(c)(4), and the term "full amount of the victims' losses" is defined in 18 U.S.C. § 2259(c)(2). Defendant further understands the amount of loss sustained by each victim will be determined during the course of preparation of the presentence investigation report.

Pursuant to 18 U.S.C. §§ 2259 and 3771, the government contacted all identified victims and asked them to notify the government if they wished to seek restitution. At this time, the government has received numerous restitution requests. Defendant acknowledges that as per 18 U.S.C. § 2259(b)(2)(B), the Court shall order restitution in an amount which is no less than $3,000 per victim. Defendant agrees that there is a

4

factual basis for the entry of a restitution award in this amount for each victim depicted in the child pornography images and videos possessed by the defendant and therefore stipulates to restitution in the amount of $3,000 for each of these individuals, each of whom is a victim of the offense of conviction.  However, the parties recognize that this agreement does not limit the Court's discretion as it relates to awarding restitution.

Defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.  Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims.  Defendant understands full restitution will be ordered regardless of defendant's financial resources.  Defendant understands the amount of Court-ordered restitution will not be a basis to withdraw his guilty plea. Defendant further agrees to comply with any restitution order entered at the time of sentencing.  Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate.  Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.  Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

**E. Forfeiture of Assets**

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the

possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to: one 2TB Seagate external hard drive bearing serial number NA9VEH8L. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**F. Defendant's Abandonment of Property**

The defendant agrees that the below-described property, which was seized from the defendant for evidentiary purposes, and which is currently in the custody and/or control of the Federal Bureau of Investigation ("FBI"), was lawfully seized and that it is evidence, contraband, or fruits of the crime to which the defendant is pleading guilty. The defendant, as sole and rightful owner, relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that

6

the FBI may dispose of the property without further obligations.  The specific property includes one 2TB Seagate external hard drive bearing serial number NA9VEH8L.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), are as follows:

First:  Defendant knowingly possessed any computer disk or other material that contained an image of child pornography;

Second:  The child pornography has been mailed or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

Third:  When the defendant possessed the child pornography, he knew it was child pornography.

"Minor" means any person under the age of eighteen years.[1]

"Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.[2]

---

[1] 18 U.S.C. § 2256(1).
[2] 18 U.S.C. § 2256(8)(A).

7

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.[3]

"Sexually explicit conduct" means actual or simulated:

1.   sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; or

2.   bestiality; or

3.   masturbation; or

4.   sadistic or masochistic abuse; or

5.   lascivious exhibition of the anus, genitals, or pubic area of any person.[4]

## III.   STATUTORY MAXIMUM SENTENCE

Based on the defendant's criminal history known at this time, the applicable maximum statutory penalty for a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography, is not more than 10 years imprisonment, not more than a $250,000 fine, or both. 18 U.S.C. § 2252A(b)(2). Pursuant to 18 U.S.C. § 3583(k), because the defendant is pleading guilty to violating 18 U.S.C. § 2252A, the term of supervised release is not less than 5 years and up to a term of life. Defendant will be required to pay a $100 special assessment fee. Defendant will be required to pay a $5,000 special assessment unless the Court finds that the defendant is indigent. 18 U.S.C. § 3014. Defendant will also be required to pay a special assessment of no

---

[3] 18 U.S.C. § 2256(5).
[4] 18 U.S.C. § 2256(2)(A).

more than $17,000 for his conviction under 18 U.S.C. § 2252A(a)(5).  18 U.S.C. §

2259A(a)(1).

The parties do not believe the following provision is applicable, but if the

defendant has been previously convicted under Chapters 110, 71, 109A, 117, or under

section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the

laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual

contact involving a minor or ward, or the production, possession, receipt, mailing, sale,

distribution, shipment, or transportation of child pornography, the penalty for a violation

of 18 U.S.C. § 2252A(a)(5)(B) is not less than 10 years nor more than 20 years

imprisonment, not more than $250,000 fine, or both.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the

rights to possess firearms, vote, hold elected office, and sit on a jury.

### A. Future Violations of Supervised Release

If supervised release is imposed, a violation of any conditions of probation or

supervised release may result in a separate prison sentence and additional supervision.

If a condition of release is violated, the defendant may be sentenced to up to 3 years

without credit for pre-release imprisonment or time previously served on post-release

supervision.

### B. Registration under the Sex Offender Registration and Notification Act

The defendant has been advised and he understands that under the Sex

Offender Registration and Notification Act, a federal law, and pursuant to 18 U.S.C.

§ 3583(d), upon his release from prison and as a condition of his supervised release, if

any, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.  The defendant understands he must register as a sex offender and must keep the registration current with the state sex offender registration agency in each of the following jurisdictions:  where he resides, where he is employed, and where he is a student.  The defendant understands that the requirements for registration include providing his name, residence address, the names and addresses of any places where he is or will be an employee or a student, and information relating to intended travel outside the United States, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status.  The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for violations of applicable state law or 18 U.S.C. § 2250, a federal law, which is punishable by a fine or imprisonment, or both. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction.

## V.    STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18

U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

The defendant came to law enforcement attention based on a lead from FBI Headquarters which indicated an individual was utilizing a particular username on multiple dark web forums to trade child pornography.  That individual was the defendant.  One of those dark web forums was "Website A".[5]

"Website A" was a Tor-network hidden service online chat site where the advertisement and distribution of child pornography and child erotica were regular occurrences.[6]  "Website A" allowed users to engage in online chats with other users, either within chat rooms that were openly accessible to any user of the site, within rooms only accessible to particular users, or in one-to-one chats between two users.

_____

[5] The name of the "Website A" is known to law enforcement.  For purposes of this Plea Agreement, the dark web forum is being referred to as "Website A" to protect ongoing investigations.

[6] Tor is free and open-source software for enabling anonymous communication. Tor directs Internet traffic through a free, worldwide, volunteer overlay network consisting of more than seven thousand relays to conceal a user's location and usage from anyone conducting network surveillance or traffic analysis. Using Tor makes it more difficult to trace Internet activity to the user. Tor's intended use is to protect the personal privacy of its users, as well as their freedom and ability to conduct confidential communication by keeping their Internet activities unmonitored.

Child pornography images and videos were trafficked through this chat site via the posting of web links within chat messages.  Links allowed a user to navigate to another website, such as a file-hosting website where images and/or videos were stored in order to download those images and videos.  While the instructions on the website stated that the website was not a place for pornography to be traded, site users were in fact provided with numerous links to image hosts where users could upload digital images depicting children.

Based on their review of information associated with "Website A," FBI Special Agents observed that the username utilized by the defendant posted 4,732 messages on "Website A" in an approximately one-year time frame between 2018 and 2019.  The defendant posted several links on "Website A" to images that depicted child pornography and/or erotica.  Below are some examples:

- In April 2018, the defendant posted a link to an image depicting the genitalia of a partially unclothed prepubescent male minor child.  The focus of the image appears to be the child's genitalia.

- In May 2018, the defendant posted a link to an image depicting a partially unclothed male infant nude from the waist down.  The infant is lying on his back with his legs spread apart and his penis, scrotum, and anal area are exposed, which appear to be the focus of the image.

- In June 2018 the defendant posted a link to an image depicting a partially clothed prepubescent male minor child lying on a chair or couch with his legs spread apart.  The child's diaper is open in the front exposing his penis and scrotum, which appear to be the focus of the image.

In Spring 2018, the defendant posted messages on "Website A".  One of these messages reflected his age of sexual interest in children.  After another user sent a link to a picture depicting the face of a minor boy who appeared to be approximately eight years old, the defendant expressed that "his collection tends a little younger."  He also

asked for recommendations from other users on how to organize his collection, which he stated he had been accumulating for approximately two decades.

In April 2019, the FBI learned that the individual responsible for the above-described activity on "Website A" had utilized the IP address 73.243.231.158 to access the website on a particular date at a particular time. According to publicly available information, IP address 73.243.231.158 was owned/operated by Comcast Communications. On June 5, 2019, an administrative subpoena was issued to Comcast Communications for information related to IP address 73.243.231.158 at the relevant date and time. Comcast Communications provided that the subscriber information for that IP Address at the relevant date and time was a particular address on Mountain Brush Street, in Highlands Ranch, Colorado. A federal premises search warrant was executed at that address on October 23, 2019.

The defendant was home and agreed to be interviewed during the search warrant execution. During the interview, the defendant stated that he had used Tor hidden services for approximately four years to look at and trade child pornography. He stated that he had been accessing child pornography on bulletin boards since age ten. He stated that he had attempted to stop looking at child pornography previously, but was unsuccessful. He stated that he kept devices with child pornography in the crawl space of the basement. He stated that he tried to hide a Seagate portable hard drive when he heard the FBI announce their presence, but that the FBI would find it in the crawl space. FBI agents did locate a 2TB Seagate external hard drive bearing serial number NA9VEH8L in the crawl space of the home.

13

The defendant described that he used a particular type of software to connect to Tor and the dark web. He stated that he created a text file he called his "links" file to store links to sites as well as usernames and passwords. He used separate flash drives to store child pornography he downloaded from multiple dark web sites and recently consolidated his collection from those drives onto a single external portable hard drive. He stated there was a folder on the drive called "vaultpics" or "picvault" that contained child pornography. The defendant expressed that he is sexually attracted to male toddlers and infants.

The defendant's username on "Website A" was discussed during the interview. The defendant stated that he utilized that username for most, if not all, of his Tor hidden services activity. The defendant acknowledged being active on "Website A," which he estimated had been closed about three years. When told that he had last accessed "Website A" in approximately March 2019, he did not disagree with that information. He acknowledged other child pornography bulletin boards he accessed less frequently. He advised he contributed child pornography content to some of the sites in order to maintain membership and gain access to other child pornography content. The defendant showed the interviewer the "links" file he had described during his interview.

During the computer forensic examination, child pornography was recovered from the 2TB Seagate external hard drive bearing serial number NA9VEH8L, which the defendant had indicated during his interview was the main storage device for his collection of child pornography. The Seagate external hard drive was made in Thailand. Approximately 133,000 images depicting child pornography and 8,495 child pornography videos depicting child pornography were found on the device. A review of

the contents of the Seagate external hard drive revealed images and videos depicting nude infants, toddlers, and prepubescent minor boys, some of whom were engaged in various sex acts to include oral and anal sex.

The computer forensic examination revealed that the volume label on the Seagate external hard drive was 'vault'. The defendant's child pornography collection was organized. Examples of child pornography files recovered from the defendant's Seagate external hard drive are as follows:

- **dsdss.jpeg** – This image depicts a nude minor boy about two years of age lying on his back with his legs spread. His feet are being held by an adult male. The adult male's penis is penetrating the boy's anus. The file path reflects that the defendant saved this image in the following location: /pic vault/august pics/.

- **[MB]Chinese-boy.mp4** – This video depicts a nude minor boy about four years of age. The video is 4:07 in length and depicts an adult male engaged in various sex acts with the minor child, including oral sex and anal penetration. The file path reflects that the defendant saved this video in the following location: /vid vault/from main vid drive/sortpile/vids 11-20/.

- **!!! NEW 2007 Little Baby Boy & Dad.avi** – This video depicts a minor infant boy being masturbated by an adult male. The video is 1:09 in length. The file path reflects that the defendant saved this video in the following location: /vid vault/from main vid drive/sortpile/vids 41-100/.

Copies of all of the files depicting child pornography were provided to the National Center for Missing and Exploited Children ("NCMEC"). NCMEC reports that 23,851 of the image files and 704 of the video files possessed by the defendant depict minor victims previously identified by law enforcement. These files possessed by the defendant depict children from 506 identified child pornography series. Most of the images and videos depicting identified minor victims were produced outside the state of Colorado.

Defendant admits that the images and videos he possessed were child pornography as defined in 18 U.S.C. § 2256(8)(A); that he knew they were child

15

pornography when he possessed them; that the material involved minors who had not attained the age of 12 years; that the offense involved the use of the Internet to distribute child pornography to another individual; that the offense involved material portraying sadistic or masochistic conduct or other depictions of violence and the sexual abuse or exploitation of an infant or toddler; that he used a computer to commit the offense; that the offense involved more than 600 images; and that the child pornography had been mailed or had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, and was produced using materials that have been mailed, or that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, when the defendant possessed them in Colorado.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the government has an independent

16

obligation to assist the Court in making an accurate determination of the correct guideline range.  To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a)  Under §2G2.2(a)(1), the base offense level for Possession of Child Pornography is **18**.

b)  Because the offense involved a minor who had not attained the age of twelve years, there is an increase of **+2** levels.  §2G2.2(b)(2).

c)  Because the offense involved distribution, there is an increase of **+2** levels.  §2G2.2(b)(3)(F).

d)  Because the offense involved material that portrays an infant/toddler, there is an increase of **+4** levels. §2G2.2(b)(4)

e)  Because the offense involved the use of a computer for the possession, transmission, receipt, or distribution of the material, there is an increase of **+2** levels. §2G2.2(b)(6)

f)  Because the offense involved more than 600 images, there is an increase of **+5** levels. §2G2.2(b)(7)(D)

g)  Defendant should receive a decrease in the offense level by **-2** based upon his acceptance of responsibility.  §3E1.1(a). Defendant should also receive a decrease in the offense level by **-1** for timely notifying the government.  §3E1.1(b).  At sentencing, the government will make the appropriate motion for the one-point reduction.

h)  The total adjusted offense level for Count One of the Indictment is **30**.

i)  The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe the defendant is in criminal history category I.

j)  The career offender adjustment tentatively does not apply. § 4B1.1.

k)  The advisory guideline range resulting from these calculations is 97-121 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated could conceivably result in a range from 97 months

(bottom of Category I) to 210 months (top of Category VI).  The guideline range would not exceed, in any case, the statutory maximum of 120 months imprisonment applicable to the count of conviction.                                  .

l)    Pursuant to §5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $30,000 to $300,000, plus applicable interest and penalties.

m)    Pursuant to 18 U.S.C. §3583(k) and §5D1.2(b)(2), if the Court imposes a term of supervised release, that term shall be at least 5 years but not more than life.

n)    Pursuant to 18 U.S.C. § 2259 and §5E1.1(a)(1), the Court shall order restitution for victims identified at the time of sentencing.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

//

//

//

//

//

//

//

//

18

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 3-9-23

STEPHEN UHL
Defendant

Date: 3/9/23

Daniel P. Gerash
Attorney for Defendant

Date: March 9, 2023

Alecia L. Riewerts
Assistant U.S. Attorney

19